**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BRYAN J. SIDLER, | ) | NO. CV 15-3402-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on May 6, 2015, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on July 13, 2015.

///

Plaintiff filed a motion for summary judgment on October 14, 2015. Defendant filed a motion for summary judgment on November 13, 2015. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed May 11, 2015.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former tow truck operator, asserts disability since February 23, 2012, based on a combination of alleged physical and psychological problems (Administrative Record ("A.R.") 41-60). From March 29, 2012, Plaintiff received treatment for his alleged psychological problems from Dr. Alison Johnson (A.R. 500). Just prior to the decision of the Administrative Law Judge ("ALJ"), Dr. Johnson signed a letter in which she opined that Plaintiff had made "some moderate improvement in his functioning," but "is still experiencing symptoms of depression and anxiety which in recent weeks have worsened" (id.). Dr. Johnson then stated:

> The prognosis is fair with circumstances remaining the same; good, if circumstances change significantly in Mr. Sidler's life. Several of these circumstances are outside Mr. Sidler's direct immediate control; those things which are, he has done an excellent job of managing and improving. <u>It is my strongest recommendation that Mr. Sidler be approved for Social Security Disability Income</u>.

(Id.) (emphasis added).
///

1   Notwithstanding Dr. Johnson's letter, the ALJ found Plaintiff has
2 no severe psychological impairment (A.R. 30-31). The only mention of
3 Dr. Johnson's letter in the ALJ's decision is the following sentence:

5   Furthermore, the claimant's treating psychologist indicated
6   in August 2013 that while he experiences symptoms of
7   depression and anxiety, his prognosis is fair and the
8   claimant has done an excellent job of managing and improving
9   his condition. . . .

11 (A.R. 30).

13   The ALJ found Plaintiff not disabled (A.R. 29-34). The Appeals
14 Council considered additional evidence, but denied review (A.R. 1-4).

16                         **STANDARD OF REVIEW**

18   Under 42 U.S.C. section 405(g), this Court reviews the
19 Administration's decision to determine if: (1) the Administration's
20 findings are supported by substantial evidence; and (2) the
21 Administration used correct legal standards. See Carmickle v.
22 Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
23 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,
24 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such
25 relevant evidence as a reasonable mind might accept as adequate to
26 support a conclusion." Richardson v. Perales, 402 U.S. 389, 401
27 (1971) (citation and quotations omitted); see also Widmark v.
28 Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

///

**DISCUSSION**

Social Security Ruling ("SSR") 85-28[1] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found "not severe" . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities. . . .
>
> * * *
>
> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end

> If such a finding [of non-severity] is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process.

---

[1] Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

with the not severe evaluation step. Rather, it should be continued.

SSR 85-28 at *2-4. See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a de minimis screening device to dispose of groundless claims") (citation omitted); accord Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005).

In the present case, the medical evidence does not "clearly establish" the non-severity of Plaintiff's alleged psychological problems. To the contrary, Dr. Johnson's letter suggests that Plaintiff's alleged psychological problems cause more than "minimal" effects on Plaintiff's ability to perform work activities. Yet, the ALJ not only found that Plaintiff has no severe psychological impairment but also found that Plaintiff retains an unlimited mental residual functional capacity (A.R. 30). The ALJ's findings violated SSR 85-28 and the Ninth Circuit authorities cited above.

The respect ordinarily owed to a treating physician's opinion buttresses the Court's conclusion that the ALJ erred. "As a general rule, more weight should be given to the opinion of the treating source than to the opinion of doctors who do not treat the claimant. . . ." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted). A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is

6

that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physicians' opinions). Even where the treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

In the present case, the ALJ erred by ignoring or implicitly rejecting Dr. Johnson's apparent opinion that Plaintiff's psychological impairments meet the standard for social security disability. See Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n.10 & 1045 (9th Cir. 2007) (ALJ fails to articulate "specific, legitimate reasons" for rejecting the treating physician's opinion where the ALJ neglects even to mention the physician's opinion that the claimant is disabled); Carter v. Astrue, 308 Fed. App'x 75, 76 (9th Cir. Jan. 8, 2009) (ALJ's failure to mention treating physician's findings was erroneous in light of the ALJ's obligation to explain why significant

---

[2] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d at 1285; Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

probative evidence has been rejected) (citations omitted).

In resisting this conclusion, Defendant argues, inter alia, that a treating physician's opinion regarding disability need not be given "any special significance" because the issue of disability is "reserved to the Commissioner." Acknowledgment of this reservation provides no specific or legitimate explanation regarding why the ALJ implicitly rejected Dr. Johnson's apparent opinion that Plaintiff meets the standard for social security disability. Even though the issue of disability is "reserved to the Commissioner," the ALJ still must set forth specific, legitimate reasons for rejecting a treating physician's opinion that a claimant is disabled. See Rodriguez v. Bowen, 876 F.2d at 762 n.7 ("We do not draw a distinction between a medical opinion as to a physical condition and a medical opinion on the ultimate issue of disability."); accord Hill v. Astrue, 698 F.3d 1153, 1159-60 (9th Cir. 2012) (same principle applied to a psychologist's opinion of mental disability); see also Social Security Ruling 96-5p ("adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner").

Defendant also argues that Dr. Johnson's letter lacks specificity. However, if the ALJ believed that more specificity was required to evaluate Dr. Johnson's opinions, then the ALJ should have developed the record further. "The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel." Brown v. Heckler, 713 F.2d 441, 443 (9th

8

1  Cir. 1983); accord Garcia v. Commissioner, 768 F.3d 925, 930 (9th Cir.
2  2014); see also Sims v. Apfel, 530 U.S. 103, 110-11 (2000) ("Social
3  Security proceedings are inquisitorial rather than adversarial.  It is
4  the ALJ's duty to investigate the facts and develop the arguments both
5  for and against granting benefits. . . ."); Widmark v. Barnhart, 454
6  F.3d 1063, 1068 (9th Cir. 2006) (while it is a claimant's duty to
7  provide the evidence to be used in making a residual functional
8  capacity determination, "the ALJ should not be a mere umpire during
9  disability proceedings") (citations and internal quotations omitted);
10 Smolen v. Chater, 80 F.3d at 1288 ("If the ALJ thought he needed to
11 know the basis of Dr. Hoeflich's opinions in order to evaluate them,
12 he had a duty to conduct an appropriate inquiry, for example, by
13 subpoenaing the physicians or submitting further questions to them.
14 He could also  have continued the hearing to augment the record.")
15 (citations omitted).

17     Defendant also points out that the non-treating consultative
18 psychologist opined Plaintiff was not disabled.  However, the
19 contradiction of a treating physician's opinion by another physician's
20 opinion triggers rather than satisfies the requirement of stating
21 "specific, legitimate reasons."  See, e.g., Valentine v. Commissioner,
22 574 F.3d 685, 692 (9th Cir. 2007); Orn v. Astrue, 495 F.3d at 631-33;
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Lester v. Chater, 81 F.3d at 830-31.[3]

The Court is unable to deem the errors in the present case to have been harmless. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (even though the district court had stated "persuasive reasons" why the ALJ's failure to mention the treating physician's opinion was harmless, the Ninth Circuit remanded because "we cannot 'confidently conclude' that the error was harmless"); Hill v. Astrue, 698 F.3d at 1160 (rejecting the Administration's argument that because disability is an issue reserved to the Commissioner the ALJ's failure to address the disability opinion of an examining psychologist was harmless).

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see also

---

[3] Arguably, the Court need not consider Defendant's arguments regarding why Dr. Johnson's opinions allegedly are unworthy of acceptance. The Administration's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council. "If the decision on its face does not adequately explain how a conclusion was reached, that alone is grounds for remand. And that is so even if [the Administration] can offer proper post hoc explanations for such unexplained conclusions." Williams v. Bowen, 664 F. Supp. 1200, 1207 (N.D. Ill. 1987) (citations omitted); see Owens v. Heckler, 748 F.2d 1511, 1516 n.6 (11th Cir. 1984); see also Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"). In the present case, the ALJ's decision stated no reason for implicitly rejecting Dr. Johnson's apparent opinion that Plaintiff meets the standard for social security disability. The Court nevertheless discusses Defendant's arguments in order to provide some guidance to the Administration on remand.

1  INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an
2  administrative determination, the proper course is remand for
3  additional agency investigation or explanation, except in rare
4  circumstances); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5
5  (9th Cir. 2014) (remand for further administrative proceedings is the
6  proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759
7  F.3d 995, 1020 (9th Cir. 2014) (court will credit-as-true medical
8  opinion evidence only where, inter alia, "the record has been fully
9  developed and further administrative proceedings would serve no useful
10 purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert.
11 denied, 531 U.S. 1038 (2000) (remand for further proceedings rather
12 than for the immediate payment of benefits is appropriate where there
13 are "sufficient unanswered questions in the record").  Here, the
14 record concerning the bases for Dr. Johnson's opinions require further
15 development.  Additionally, it is not clear that the ALJ would be
16 required to find Plaintiff disabled for the entire claimed period of
17 disability even if Dr. Johnson's opinions were fully credited.  See
18 Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010); see also Garcia
19 v. Commissioner, 768 F.3d at 932.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 23, 2015.

                        /S/
                CHARLES F. EICK
      UNITED STATES MAGISTRATE JUDGE